The opinion of the court was delivered by
Duncan, J.
Under the act of the 21st of March, 1806, the form of summons in this new mode of ejectment is prescribed, as well as the duty of the plaintiff and defendant. It is made the duty of the plaintiff, “ to file in the prothonotary’s office, on or before the first day of the term to which the process is returnable, a description of the land, and the defendant shall enter his defence, (if any he hath,) for the whole or any part thereof, before the first day of the next succeeding term, and thereupon issue shall be joined.” The plaintiff could take no step, except filing his description, until the second term. The defendant was not bound to do any thing until the second term. He was not required to appear at the first time. Judgment by default could not be taken against a man who had not defaulted. If he chose to defend, he had till the second term so to do. The same act of the 21st of March, 1806, gives the same time to the defendant in all cases of debt or contract. It is not reasonable to suppose, that the legislature would make a distinction between ejectments and contracts. They have not done so, and courts of law ought not to distinguish. - Ubi lex non distinguít. nec judices distinguere debent. The question was incidentally brought before me at Nisi Prius, at Philadelphia, in Cromwels v. The Farmers and Mechanics’ Bank, in which I held that judg *274 ment by default in ejectment, at the first term, was irregular. In the action of ejectment, under the ancient practice by declaration in ejectment, the course was to enter a rule against the defendant, or rather the tenant in possession, on whom the declaration was served, to appear and plead, and enter into the common rule to confess lease of entry and ouster in six weeks; and if he did not appear and enter into the common rule, to enter an office judgment at the end of six weeks. This was, as far as my knowledge extends, the universal practice, and was in accordance with the practice on original process to give time to plead. A rule to plead was taken, and, if the plea was not entered, judgment was entered by default. The proceeding by summons, under the act of the 20th of March, 1724, authorizing the plaintiff, if a summons has been served ten days before the return day of the writ, and declaration filed five days before.the term, to file a common appearance, for the defendant making default to appear, and to take judgment by nihil elicit, has given rise to the mistake, that it may be done in all cases, where the process is by summons; but this is a practice unwarranted by any law. The supplemental act of the 27th of Jlpril, 1807, makes no alteration in the original act in this particular.
This cause was continued under advisement, to give the court an opportunity of inquiring into the practice. In different counties, a different practice has prevailed; but, in mosteases, the practice has been, to take judgment by default the second court. Had a general practice prevailed since the passage of the act, to take judgment by default the first term, I would hesitate before I disturbed possessions derived under such uniform usage; but solitary instances ought not to prevail. And, in this county, there is a rule of court conforming to the exact letter of the law, and which regulates the practice as to the manner of taking judgment by default: The plaintiff may, on the first day of the second term, enter of course on the docket, a rule to plead by the first day of the term, when it is but for one week, and by the second Monday of the term, when it is to be continued for two weeks, and, upon failure of the defendant’s so doing, judgment may be entered by default. I am therefore of opinion, that the judgment is erroneous, and must be reversed.
Judgment reversed.